```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

TIMOTHY E. TRIMBLE,

                Plaintiff,

vs.                                    Case No.   2:05-cv-410-FtM-99DNF

STATE OF FLORIDA, JUDGE JOHN CARLIN,
LORI CONNOR,

                Defendants.
_____


## OPINION AND ORDER

On January 8, 2007, the Court entered an Order (Doc. #49) providing plaintiffs one more opportunity to file an Amended Complaint.[1]  Plaintiffs were on notice that the failure to file an Amended Complaint would result in the entry of judgment dismissing the case without prejudice.  On January 17, 2007, plaintiff filed an Amended Complaint now naming the State of Florida, Judge John Carlin, and Lori Connor as defendants.  On January 29, 2007, defendants filed a Motion to Strike and Dismiss (Doc. #51) as no claims are now asserted against them.  The Court agrees that the Amended Complaint is not an amended complaint but a new case presenting new allegations.  Therefore, the motion to dismiss will be granted and the Court will address the new complaint.

---

[1] The original Complaint was dismissed without prejudice on May 11, 2006, with an Amended Complaint to be filed within 20 days. (See Doc. #27.)

Construed liberally, the "Amended Complaint" alleges due process violations in state court arising from a domestic violence case. Plaintiff names Judge John Carlin, however, the case number provided (06-DR-7215) reflects that Judge Hugh Starnes was the presiding judge. Plaintiff also alleges that Judge Carlin's decision imposed criminal penalties in a civil action without criminal charges being charged. These allegations also pertain to the State of Florida. Plaintiff further alleges that defendant Connor, the case manager for the domestic violence division, filed the appellate documents. Plaintiff seeks damages against each of the defendants.

"Judges are entitled to absolute immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.' [ ] This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." <u>Bolin v. Story</u>, 225 F.3d 1234, 1239 (11th Cir. 2000)(internal citations omitted). Plaintiff recognized that defendant Judge Carlin would claim absolute immunity in the complaint, and plaintiff does not allege facts indicating any actions taken outside of the judicial proceedings. Therefore, defendant Judge Carlin would be dismissed with prejudice.

It is clear that plaintiff recognizes that defendant Connor would also be entitled to immunity for actions taken during the course of her employment. In fact, "[n]onjudicial officials are

encompassed by a judge's absolute immunity when their official duties 'have an integral relationship with the judicial process.'" Roland v. Phillips, 19 F.3d 552, 555 (11th Cir. 1994). As no facts are alleged that would indicate that defendant Connor did anything but file a document, the Court would dismiss this defendant with prejudice.

Plaintiff states that the State of Florida has waived sovereign immunity in civil rights claims. This is not the case when suits are brought against the State in federal court pursuant to a federal statute without an explicit abrogation of Eleventh Amendment immunity by Congress. See Gamble v. Florida Dep't of Health & Rehabilitative Servs., 779 F.2d 1509, 1513-15 (11th Cir. 1986); Williams v. Robbins, 153 Fed. Appx. 574, 576 (11th Cir. 2005). Therefore, the State of Florida would be dismissed with prejudice.

As plaintiff cannot state a claim against the newly named defendants, the Amended Complaint will be dismissed with prejudice and this case closed.

Accordingly, it is now

**ORDERED**:

1. Defendants' Motion to Strike and Dismiss (Doc. #51) is **GRANTED** to the extent that the Court finds no claims pending against defendants Harold Eskin, Dolores Menendez, and the City of Cape Coral and therefore these defendants are **dismissed** and shall

be terminated on the docket as of the date of the Amended Complaint.  The Clerk shall further correct the docket to reflect the newly named defendants.

    2.   The Amended Complaint is otherwise **dismissed with prejudice**.  The Clerk shall enter judgment accordingly, terminate all pending deadlines and motions as moot, and close the case.

    **DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of February, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies: Counsel of record

-4-